# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

### No. ACM S32654

_____

### UNITED STATES
*Appellee*

**v.**

### James T. DANIEL
Senior Airman (E-4), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 26 July 2021

_____

*Military Judge:* Jennifer E. Powell.

*Sentence:* Sentence adjudged on 20 February 2020 by SpCM convened at Fairchild Air Force Base, Washington. Sentence entered by military judge on 10 March 2020: Bad-conduct discharge, confinement for 2 months, forfeiture of $1,155.00 pay per month for 6 months, reduction to E-1, and a reprimand.

*For Appellant:* Major Matthew L. Blyth, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major Alex B. Coberly, USAF; Mary Ellen Payne, Esquire; MacCaelin A. Sedita (legal intern).[1]

Before MINK, KEY, and ANNEXSTAD, *Appellate Military Judges.*

Judge ANNEXSTAD delivered the opinion of the court, in which Senior Judge MINK and Judge KEY joined.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

---

[1] Mr. Sedita was supervised by attorneys admitted to practice before this court.

ANNEXSTAD, Judge:

A special court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one charge and specification of attempted wrongful possession of 3,4-methylenedioxymethamphetamine (MDMA) with the intent to distribute, in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880; and one charge with one specification of wrongful use of MDMA on divers occasions, one specification of wrongful use of Adderall on divers occasions, one specification of wrongful use of cocaine, one specification of wrongful use of lysergic acid diethylamide (LSD), and one specification of wrongful use of psilocybin, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.[2] A panel of officer members sentenced Appellant to a bad-conduct discharge, confinement for two months, forfeiture of $1,155.00 pay per month for six months, hard labor without confinement for three months, reduction to the grade of E-1, and a reprimand. The convening authority disapproved the adjudged hard labor without confinement for three months.

Appellant raises one issue for our consideration: whether his sentence is inappropriately severe. Finding no error materially prejudicial to a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

Appellant joined the Air Force in April 2017. His first duty assignment was Fairchild Air Force Base (AFB), Washington, where he worked as a KC-135 maintainer. Between March and August 2019, at various locations in the state of Washington, Appellant used illegal drugs. His illegal activities eventually came to the attention of law enforcement in August 2019. At that time, the Air Force Office of Special Investigations (AFOSI) detachment at Fairchild AFB was investigating another Air Force member, Airman First Class (A1C) DR, for illegal drug use.[3] After reviewing text messages on A1C DR's phone, AFOSI agents uncovered information that Appellant had discussed using LSD with A1C DR. As a result of this information, Appellant was questioned by AFOSI agents and subsequently admitted to extensive drug use in the spring and summer of 2019.

At trial, Appellant admitted that in March 2019, he attempted to purchase $90.00 worth of MDMA from Senior Airman (SrA) ST. Appellant further admitted that he attempted this purchase with a plan to distribute a portion of

---

[2] All references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] All references to military rank in this opinion are to the rank of the military member at the time of Appellant's court-martial.

the purchased MDMA to two other Air Force members, SrA CT and Airman (Amn) SV. Appellant also admitted to using cocaine with SrA ST in March 2019. Appellant further admitted to using MDMA on two occasions between April 2019 and August 2019. On one of these occasions, Appellant used MDMA with SrA ST and A1C DR. On the other occasion, he used MDMA with SrA CT, Amn SV, A1C BS, and SrA JS, in a dorm room on Fairchild AFB. Appellant also admitted to using Adderall on two occasions—between May and July of 2019—with a number of Air Force members, including SrA CT, Amn SV, and SrA JS. Additionally, Appellant admitted to using LSD in July 2019 with Amn SV, SrA JS, A1C BS, SrA CT, and A1C PD. Finally, Appellant admitted to using psilocybin in August 2019 with SrA CT, SrA JS, A1C BS, Amn SV, and A1C JF in SrA CT's on-base dorm room.

At the end of the interview, Appellant was asked to work as a confidential source for AFOSI. Between 28 August 2019 and 9 November 2019, his cooperation assisted AFOSI in collecting evidence of illegal drug activity by a number of other Airmen stationed at Fairchild AFB.

## II. DISCUSSION

Appellant argues on appeal that his sentence was inappropriately severe. Appellant asks this court to compare his sentence with those of four Airmen with whom he used drugs and find that his sentence was "highly disparate" to theirs. We disagree with Appellant's arguments and accordingly deny relief.

## A. Additional Background

To support his assignment of error, Appellant filed a motion to attach the entry of judgment (EoJ) from the courts-martial of SrA JS, A1C BS, Amn SV, and SrA CT. The Government opposed Appellant's motion to attach and our consideration of the attached EoJs. We granted the motion to attach these EoJs.[4] A brief discussion of the sentences received by these four other military members is warranted.

SrA JS, A1C BS, Amn SV, and SrA CT were all found guilty at trials by special court-martial, by a military judge sitting alone, of various drug-related offenses. While some of the charges were similar by date or offense, none of the

---

[4] We understand that we are permitted to consider matters from outside the record of trial when necessary to resolve issues raised by materials in the record of trial. *See United States v. Jessie*, 79 M.J. 437, 442–44 (C.A.A.F. 2020). The involvement of SrA JS, A1C BS, Amn SV, and SrA CT in some of the Appellant's drug offenses was raised by the stipulation of fact admitted at trial, and we considered the EoJs in our determination of whether Appellant's case was closely related to their cases and whether the sentences were highly disparate.

members faced identical charges. SrA JS was sentenced to a bad-conduct discharge, confinement for 120 days, reduction to the grade of E-1, and a reprimand. A1C BS was sentenced to a bad-conduct discharge, confinement for two months, reduction to E-1, and a reprimand. Amn SV was sentenced to a bad-conduct discharge, confinement for 120 days, and reduction to the grade of E-1. Finally SrA CT was sentenced to a bad-conduct discharge, confinement for 45 days, forfeiture of $1,155.00 pay per month for two months, and reduction to the grade of E-1.

Comparing his sentence to those of these four Airmen, Appellant asks us not to affirm the forfeiture of $1,155.00 pay for six months because it is disparate to the adjudged forfeitures, or lack thereof, in these other cases.

The Government argues that we should not compare Appellant's sentence to the sentences of these other Airmen because Appellant has not met his burden of showing that the cases are closely related. The Government acknowledges some overlap between the cases; however, it argues there is much that we do not know about the trials of SrA JS, A1C BS, Amn SV, and SrA CT, including the unique facts and circumstances of the other members' drug use and whether there were significant mitigating or extenuating facts in their cases—such as plea agreement negotiations. The Government also argues that the sentences were not highly disparate. Specifically, the Government notes that other members were sentenced to longer periods of confinement than Appellant and that one was adjudged forfeitures, albeit for a shorter period of time than Appellant.

## B. Law

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam) (alteration in original) (quoting *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009)). Although we have great discretion to determine whether a sentence is appropriate, we have no authority to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

During our review of sentence appropriateness under Article 66(d), UCMJ, 10 U.S.C. § 866(d), we "are required to engage in sentence comparison only 'in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related

cases.'" *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)).

When arguing sentence disparity and asking us to compare his sentence with the sentences of others, Appellant bears the burden of demonstrating those other cases are "closely related" to his, and if so, that the sentences are "highly disparate." *See United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). Cases are "closely related" when, for example, they include "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *Id*. The test for whether sentences are "highly disparate" is "not limited to a narrow comparison of the relative numerical values of the sentences at issue, but also may include consideration of the disparity in relation to the potential maximum punishment." *Id*. at 289. If an appellant meets that burden, then the Government must show a rational basis for the sentence differences. *Id*. at 288.

"Sentence comparison does not require sentence equation." *United States v. Durant*, 55 M.J. 258, 260 (C.A.A.F. 2001). "[T]he military system must be prepared to accept some disparity in the sentencing of codefendants, provided each military accused is sentenced as an individual." *Id*. at 261. "[C]harging decisions by commanders in consultation with their trial counsel, as well as referral decisions by convening authorities after advice from their Staff Judge Advocates, can certainly lead to differences in sentencing." *Id*.

## C. Analysis

We need not determine whether the four cases cited by Appellant are closely related to his case, or whether the Government can show a rational basis for sentencing differences, because Appellant has failed to establish that his sentence, as compared to those of the other Airmen, is highly disparate. *See Lacy*, 50 M.J. at 288. After a review of the EoJs, we discern the following about the sentences: (1) each court-martial resulted in a bad-conduct discharge and reduction to the grade of E-1; (2) two Airmen were sentenced to longer periods of confinement than Appellant; and (3) Appellant was not the only member sentenced to forfeiture of $1,155.00 pay per month for some length of time. In fact, we note that SrA CT was sentenced to forfeiture of $1,155.00 pay per month for two months, and that three others—SrA JS, A1C BS, and Amn SV— were all subject to automatic forfeiture of two-thirds of their pay per month— $1,155.00—while in confinement. *See* Article 58b(a)(1), UCMJ, 10 U.S.C. § 858b (providing for automatic forfeiture of two-thirds pay due to a member who is sentenced to a bad-conduct discharge and some period of confinement). While it is true that none of the other Airmen were sentenced to forfeiture of $1,155.00 pay for six months, they all forfeited $1,155.00 pay per month for anywhere from 60 to 120 days and two received longer terms of confinement

than Appellant. Although the sentences are not identical, we find that Appellant has failed to meet his burden to demonstrate that the sentences are highly disparate. *See Durant*, 55 M.J. at 261.

We have considered the particular circumstances of Appellant's case, including his involvement with illegal drugs over an extended period of time, as well as the extenuation and mitigation evidence presented. Having given individualized consideration to Appellant, the nature and seriousness of the offenses, Appellant's record of service including his deployment, and all other matters contained in the record of trial, we conclude that the sentence, including forfeiture of $1,155.00 pay per month for six months, is not inappropriately severe.

## III. CONCLSION

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

6